# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICKY D. JONES,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
CH-0752-15-0286-I-1

DATE: July 21, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Oliver T. Sanders, Ecorse, Michigan, for the appellant.

Amy C. Slameka, Detroit, Michigan, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant was a Housekeeping Aide, WG-2, at the Detroit Veterans Administration (VA) Medical Center until he was removed effective February 25, 2015, on two charges:  violating the agency's Violent, Intimidating and Disruptive Behavior Prevention Program (nine specifications) and Creating a Hostile Work Environment (five specifications).  Initial Appeal File (IAF), Tab 1 at 6, Tab 7, Subtabs 4a, 4h.  The appellant's disciplinary history dates to January 2012, when the agency reprimanded him for rude and intimidating behavior and profane language and for failure to follow the agency's Violent, Intimidating and Disruptive Behavior Prevention Program.  IAF, Tab 7, Subtab 4ee at 3.  In June 2012, he was suspended for 3 days for rude, intimidating and threatening behavior and for failure to follow the prevention program. *Id.* at 2.  In June 2014, he was suspended for 14 days for rude and disrespectful behavior toward a supervisor, and for inappropriate and unprofessional behavior in a patient care setting. *Id.* at 1.

¶3     The appellant also had a history of filing equal employment opportunity (EEO) complaints.  The complaints he deemed relevant to this appeal follow:  a

February 13, 2012 complaint for harassment; a February 28, 2014 complaint for a hostile work environment and EEO activity reprisal; a March 28, 2014 complaint for sexual harassment and a hostile work environment; an August 16, 2014 complaint for a hostile work environment and EEO activity reprisal; and an April 6, 2015 complaint for an improper administrative investigation and EEO activity reprisal.  IAF, Tab 7, Subtab 3, Tab 18 at 1, Tab 42 at 4-5.  The Associate Director of the VA Medical Center initiated an administrative investigation board (AIB) to look into the appellant's allegations of a hostile work environment. Hearing Transcript (HT) at 175-76 (testimony of the Associate Director).  The AIB convened on July 15, 2014, to investigate the facts and circumstances regarding the appellant's allegations of sexual harassment, hostile work environment, and unfair treatment within his assigned department, the Environmental Management Service (EMS).  IAF, Tab 45 at 6.  The AIB also was advised that "other EMS employees, Management [sic] officials, and other VA employees have reported allegations of inappropriate behavior such as threats of violence (verbal and non-verbal)" perpetrated by the appellant.  *Id.*  The AIB concluded its investigation on October 16, 2014, finding that the appellant "engaged in a pattern of aggressive behavior, intimidation, altercations, threats, and dereliction of duty . . . towards other employees, supervisors and patients" of the VA Medical Center.  IAF, Tab 18 at 41.  The AIB recommended disciplinary action at the convening authority's discretion.  *Id.*  The appellant thus was placed on authorized absence and removed.  *Id.* at 39; IAF, Tab 7, Subtabs 4a, 4d, 4h.

¶4    The appellant appealed his removal to the Board and raised the affirmative defenses of due process violations, harmful procedural error, and retaliation for EEO activity.  IAF, Tab 1, Tab 42 at 4-6.  After a hearing, the administrative judge sustained all but one of the specifications of the first charge, sustained all five specifications of the second charge, found that the agency established nexus, and, concerning the penalty, found that the agency considered all the relevant factors and exercised management discretion within the tolerable limits of

reasonableness. IAF, Tab 57, Initial Decision (ID) at 6-29. The administrative judge also determined that the appellant did not prove his affirmative defenses and affirmed the agency's removal action. ID at 29-40. The appellant filed this petition for review. Petition for Review (PFR) File, Tab 5.

## ANALYSIS

¶5 The Board normally will grant a petition for review when the petitioner establishes one of the following conditions: (a) the initial decision contains erroneous findings of material fact; (b) the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; (c) the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or (d) new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. 5 C.F.R. § 1201.115.

¶6 Here, the appellant alleges that the administrative judge failed to include testimony favorable to his case in the findings of fact. PFR File, Tab 5 at 12-15; *see* 5 C.F.R. § 1201.115(a). The administrative judge's findings regarding the charged conduct were largely based upon the testimony of witnesses she found to be credible. The appellant's observations that individual witnesses considered him to have been a hard worker or had not testified that his actions contributed to a hostile work environment are immaterial. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Reasons that are sufficiently sound include findings that are incomplete, inconsistent with the weight of the evidence, and do not reflect the

record as a whole.  *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004).  To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering such factors as:  (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor.  *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

¶7        The hearing in this case was for the most part held in person.[2]  The initial decision describes the testimony of each witness upon whom the administrative judge relied.  ID at 6-17, 19-26, 28-31, 34-35, 38-39.  Generally, the appellant does not dispute the testimony of these witnesses describing his misconduct.  ID at 11-14, 17, 20, 22, 26.  Where the accounts conflicted, however, the administrative judge applied the *Hillen* factors when making credibility assessments, relying strongly on the witness's demeanor, the prior testimony given during the AIB, and the consistency of the witnesses' testimony.  ID at 6-11, 13-17, 20-21, 24-25, 31.  The appellant's objections on review are little more than mere disagreement with the administrative judge's well-reasoned findings, to which the Board will defer.  *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980) (holding that mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board); *see also Broughton v. Department of*

[2] An in-person hearing took place on September 28 and 29, 2015, in Detroit, Michigan. IAF, Tab 49.  Because testimony was not completed after the 2 days that had been scheduled, the parties agreed that the administrative judge would hear the remaining testimony by telephone on November 17, 2015.  ID at 1-2; IAF, Tab 54.

*Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding that the Board will not disturb an initial decision when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

¶8     The appellant also alleges that the administrative judge erred in applying the laws and regulations to the facts of this case concerning his affirmative defenses. *See* 5 C.F.R. § 1201.115(b). As to his allegation that the agency denied him due process, courts have held that procedural due process requires notice and an opportunity to respond. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-76 (Fed. Cir. 1999) (citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985)). Due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information. *Id.* at 1376.

¶9     Regarding his due process claim, the appellant first reiterates his argument that he was not provided with an extension of time in which to make an oral response to the proposal notice. PFR File, Tab 5 at 11; ID at 31-33; IAF, Tab 42 at 6. An agency's failure to provide a tenured public employee with notice and an opportunity to reply to an appealable agency action that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to minimum due process of law. *Darnell v. Department of Transportation*, 807 F.2d 943, 945 (Fed. Cir. 1986) (citing *Loudermill*, 470 U.S. at 546). The appellant received both notice and an opportunity to reply. IAF, Tab 7, Subtab 4h. The notice of proposed removal gave instructions to the appellant concerning the submission of written and oral responses. *Id.* at 4. The notice stated that the appellant had 14 calendar days from the date of his receipt in which to reply orally, in writing, or both, to the VA Medical Center Director, who was also the deciding official. *Id.* The notice advised him to call the Director's Executive Secretary to schedule an oral reply and included the Executive Secretary's telephone number. *Id.* The appellant did not contact the VA Medical

Center Director or her Executive Secretary within the 14-day time period. Absent such action on his part, the agency did not deny him the opportunity to submit a written or oral reply. *Cf. Darnell*, 807 F.2d at 945 (distinguishing between the opportunity to present a reply and the actual presentation of a reply).

¶10        We note, however, that the appellant sent a written response that the Medical Center Director received after the time for submitting such responses had ended.  IAF, Tab 7, Subtab 4f.  Although the deciding official already had decided that the removal action was warranted, she testified that she nevertheless considered this late-filed response and concluded that it did not change her decision. *Id.*, Subtab 4e at 2, Subtab 4d at 1.  At that point, she was under no obligation to consider the appellant's response, but having done so, she effectively negated his due process argument. *Cf. Kinsey v. Department of the Navy*, 59 M.S.P.R. 226, 229 (1993).

¶11        Second, concerning his due process claim, the appellant reasserts his contention that the administrative judge wrongly determined that the agency did not withold security camera footage pertaining to the fourth specification of the first charge.  PFR File, Tab 5 at 11-12; ID at 10-11; IAF, Tab 42 at 5-6.  The appellant contends that he did not receive the footage prior to his removal.  IAF, Tab 42 at 6; HT at 373-74 (testimony of the appellant).  We disagree.  The Human Resource (HR) Specialist who prepared the agency's proposal notice testified that she included a compact disc (CD) containing the security camera footage with the proposal notice package.  HT at 131-32 (testimony of the HR Specialist); IAF, Tab 54, Hearing CD (testimony of the HR Specialist), Tab 7, Subtab 4g.  Additionally, the proposal notice package included with the AIB transcript contains a page stating, "CD of Evidence [was] sent to employee (original included in AIB binder)."  IAF, Tab 7, Subtab 4*l* at 4.  The appellant also received general notice that he had the right to review the evidence upon which the agency relied in preparing the proposal notice. *Id.*, Subtab 4h at 5. The appellant's response to the proposal notice did not contain any reference to

his not having received the CD, and his testimony did not address when or how he eventually received it. *Id.*, Subtab 4f; HT at 373-74 (testimony of the appellant). The appellant thus has not shown that the agency failed to provide him due process because it did provide him access to the security camera footage before the removal decision was issued.

¶12    Third, concerning due process, the appellant asserts that he was not given a copy of the AIB's recommendation. PFR File, Tab 5 at 11. This appears to be a new due process argument raised for the first time on review. IAF, Tab 42 at 5-6. The Board generally will not consider an argument raised for the first time in a petition for review, however, absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not made such a showing and so we will not address it.

¶13    Similarly, the appellant has not shown that the agency committed harmful procedural error, i.e., an error that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error, by declining to schedule an oral reply. *See* 5 C.F.R. § 1201.4(r). He has not identified any information he might have presented that likely would have caused the VA Medical Center Director to reach a different decision. *Kinsey*, 59 M.S.P.R. at 230.

¶14    The appellant's other allegations of harmful procedural error are similarly unavailing. He argues that the VA Medical Center Director waited 3 months after the AIB investigation ended, until a new department head was in place to serve as proposing official, to begin removal proceedings and, prior to that, she consulted with HR regarding the possibility of disciplinary action. PFR File, Tab 5 at 10. He has not, however, identified any policy or procedure that would have required

the agency to act on the AIB report immediately,[3] nor has he shown that the VA Medical Center Director would have reached a different decision in the absence of the 3-month delay. In any event, it is likely that assigning an employee with no history of dealing with the appellant to serve as the proposing official may have accrued to his benefit.

¶15     The appellant next asserts that a disciplinary action being taken against him was an improper use of the AIB, which initially had been convened to investigate his complaints about other employees. PFR File, Tab 5 at 11. However, he has not identified any specific policy or procedure that the agency violated by taking a disciplinary action against him after the investigation confirmed that he had engaged in misconduct. Moreover, the memorandum convening the AIB specifically states that "other EMS employees, Management officials, and other VA employees have reported allegations of inappropriate behavior such as threats of violence (verbal and non-verbal) displayed by" the appellant. IAF, Tab 45 at 6. The appellant also asserts that his union never received notice that the AIB investigation had commenced. PFR File, Tab 5 at 6. To the contrary, the record shows that the union received such a notification, IAF, Tab 45 at 6-7, and the appellant's representative attended the AIB with him, IAF, Tab 48 at 3.

¶16     The appellant, moreover, reiterates his argument from below, stating that the removal action constituted reprisal for his prior EEO activity. PFR File, Tab 5 at 9-10; ID at 36-39; IAF, Tab 42 at 4-5. The administrative judge found that the appellant failed to show that the deciding official exhibited any retaliatory animus toward the appellant for engaging in protected EEO activity. ID at 38-39. The administrative judge further found that the agency clearly had a legitimate, nondiscriminatory, and nonretaliatory reason for removing the

---

[3] A charge may be dismissed if an agency's delay in proposing the adverse action is unreasonable and if the delay prejudiced the employee's ability to defend against it. *Messersmith v. General Services Administration*, 9 M.S.P.R. 150, 155 (1981). The appellant has not asserted such an argument here, and, even if he had, we would find the 3-month delay reasonable under the circumstances.

appellant, and that he presented no evidence to support a finding that the agency's stated reasons for its actions were pretextual. ID at 39. We agree.

¶17 Federal employees are protected against retaliation for the exercise of their rights under Title VII. 42 U.S.C. § 2000e−16; *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 36-37 (2015). An appellant can establish that a violation has occurred by showing that retaliation "was a motivating factor in the contested personnel action, even if it was not the only reason." *Savage*, 122 M.S.P.R. 612, ¶ 41. The appellant maintained that he was removed in retaliation for filing several EEO complaints dating back to 2012. IAF, Tab 18 at 1, Tab 42 at 4-5. He alleged that the deciding official exploited the AIB investigation with the aim of removing him. IAF, Tab 53 at 1-2. Further, he asserts that the agency waited 3 months after the AIB concluded before proposing his removal in order to do so in close proximity to the hearing in one of his EEO complaints, denying him access to his computer and files that were important both for substantiating his EEO complaint and supporting his response to the proposed removal. *Id.* at 1.

¶18 The appellant failed to meet his burden of proof on this issue. The deciding official testified she had no personal interaction with the appellant; and as part of his chain of command knew of his EEO complaints, but was unaware that she was the subject of any of them. HT at 279, 306, 325, 333 (testimony of the deciding official). She also testified that she convened the AIB to investigate a series of issues in the EMS, and that she placed the appellant on authorized absence shortly after the AIB ended because she thought his behavior was escalating and it might pose a danger to himself and others. HT at 281, 299-301, 303 (testimony of the deciding official); IAF, Tab 18 at 39, 41. She testified that, while she "may have been aware" of his EEO hearing in January 2015, she did not specifically recall having such knowledge, that she did not consider the appellant's EEO activity in making the decision to remove him; rather, she based her decision on his escalating behavior and its effect on the EMS department as a whole. HT at 305, 332-33 (testimony of the deciding official).

¶19 Based on this testimony and other items in the record, the administrative judge reasonably found that the appellant failed to show that his removal was motivated, in full or in part, by his EEO activity. ID at 39. Further, the appellant did not present any evidence to show that similarly situated employees who had not engaged in protected EEO activity were treated more favorably when charged with the same or similar misconduct. Because the agency previously had imposed lesser penalties on the appellant for instances of similar misconduct, IAF, Tab 7, Subtab 4ee at 1-2, it was reasonable for the agency to increase the severity of the penalty for his continuing in the behavior.

¶20 The appellant asserts, moreover, that administrative judge's rulings during the proceedings below were inconsistent with required procedures or involved abuses of discretion. 5 C.F.R. § 1201.115(c). He alleges that the administrative judge erred "in allowing the Agency to change witnesses"; in giving false information to one of the appellant's witnesses, which caused that person not to appear in person; and in failing to address his motion for sanctions "which could have change[d] the outcome of the hearing." PFR File, Tab 5 at 15. The appellant's mere allegations of improper rulings are unavailing. He did not explain how such rulings were inconsistent with required procedures or involved abuses of discretion, or how the administrative judge might have reached a different result in the absence of such rulings. We note that the witness who did not appear in person at the hearing was allowed to give telephonic testimony.[4] HT at 271 (testimony of the local union president).

¶21 Finally, in a separate letter to the Board filed with his petition for review the appellant alleges that the administrative judge was biased and should be

---

[4] The petition for review includes several documents that appear to be from the record below and pertain to the rulings to which the appellant objects. PFR File, Tab 5 at 17-18, 24-32; *compare, e.g.*, PFR File, Tab 5 at 17-18, 24-29, *with* IAF, Tabs 32, 37, 46, 56. To the extent these documents are in the record below, the Board will not consider them to be new evidence. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); 5 C.F.R. § 1201.115(d).

disqualified pursuant to 5 C.F.R. § 1201.42.[5]  PFR File, Tab 5 at 19-20.  The appellant objected to various procedural rulings by the administrative judge and he also alleged that she failed to respond to his requests for information.  *Id.*  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  Here, the appellant has not shown that the administrative judge's actions, including her procedural rulings, evidenced such favoritism or antagonism.  Likewise, a party must file a motion for disqualification as soon as he has reason to believe there is a basis for disqualification, and such motion must be supported by a sworn statement.  *McCollum v. Department of Veterans Affairs*, 75 M.S.P.R. 449, 461 (1997); 5 C.F.R. § 1201.42(b).  The appellant's letter is dated March 15, 2016, nearly a year after the initial action about which the appellant complained took place.  PFR File, Tab 5 at 19.  It does not include a sworn statement.  As such, his motion under 5 C.F.R. § 1201.42 is neither timely nor sufficient.  Accordingly, we deny his request and affirm the initial decision.

---

[5] The appellant also requests that the Board take action against the administrative judge pursuant to 5 U.S.C. § 7521 ("Actions against administrative law judges").  However, this statute does not apply to the Board's administrative judges, who are not appointed pursuant to 5 U.S.C. § 3105.  5 U.S.C. § 7521(a).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.